My name is Ben Guilford, and I represent Appellant Universal Electronics, Inc. This appeal relates to the Patent Trial and Appeal Board's referments of the examiner's rejection of Universal's 954 application. The 954 application is directed to a method of turning an ordinary smart device, such as a standard iPhone, into a universal remote control. The smart device includes a remote control application that is launched using a predetermined input. Once a remote control application is launched, a virtual remote control is immediately displayed on the smart device. The user can then press one of the virtual buttons, which in turn causes the smart device to issue commands to a target appliance as if the smart device were a universal remote. So Counselor, you focus on two different limitations, I believe, right, and one of them is the direct response limitation. Is that right? Today, Your Honor, I'm going to focus on the, yeah, I totally forget what we call it exactly in the briefs. I'm going to, I know there's two invoking limitations in the claim. I'm going to be focusing on that first invoking limitation. Okay. And I think it's helpful, Your Honor, to kind of, you know, it's a fairly long limitation, and I was going to break it down for the court and really get into what the claim requires, and then we can go into the board's decision. Okay. Can I actually point you to a few things and ask you to kind of address these up front, and then of course you can flow back into the other argument points you wanted to raise. Do you agree that your argument for this limitation, this first invoking limitation, depends on interpreting invoke to mean open? No, Your Honor, I don't think the court needs to get into the claim construction here. The way the board, I don't even want to say interpreted, just the way they read the limitation is so faint. The board or the examiner never used the term invoke, did they? Well, probably, excuse me, one of the problems here, Your Honor, is in the board's discussion of the invoking limitation, they do use the term invoke, they just say, you know, I'm going to kind of circle back to this exact language further in my argument, but the real singular sentence here where the board's conducting quote-unquote an analysis of this first invoking limitation, it's just a single sentence that says, we agree with the examiner's finding that selecting an icon provided on the smart device, see Rosenblatt, sorry, Your Honor, it's appendix page six, and again, this is really where the rubber meets the road on this first invoking limitation argument, you know, we have this one sentence, that's it, the board says, we agree with the examiner's finding that selecting an icon provided on the smart device invokes a remote control application on the smart device, that's it, so they're using the term invoke in their discussion, there's no explanation of what the board thinks invoking means, they're just saying selecting an icon is invoking a remote control application, that's all we have to go with, and what I wanted to say, Your Honor, is that we don't need to get into claim construction here because, as I'll show you in a second, when we take that board finding that selecting an icon is invoking an application and plug it back into the claim language, we see it's so facially incorrect that we don't even need to get to claim construction, and now I'm happy to kind of get into claim construction if the court feels it's necessary, but again, I think that's not really where the argument needs to go because, again, there's such a facially incorrect interpretation of the claim here that reversal is the only reasonable conclusion we could come to. So kind of turning again back to the claim language, because again, I think it's somewhat important here for our discussion, if we turn to PENX page three, again, we see that there's two invoking limitations in the claim, again, I'm going to be focusing primarily on this first invoking limitation. So claim one recites three different things that must happen in the first invoking step. So first, claim one requires that a first predetermined input be provided to the smart device. Second, claim one requires invoking a remote control application in direct response to the first predetermined input, and third, claim one requires displaying a main remote control user interface in direct response to the remote control application being invoked. And I don't think this is in dispute, but the board found that the examiner's primary reference, Rosenblatt, teaches the first invoking step of claim one. So we're only really talking about Rosenblatt here. If we turn to PENX page five and look at the very last sentence on the page, we see kind of the beginning of the board's discussion, so to speak, of the first invoking step. And I'm just going to go ahead and read this entire discussion for the court in its entirety. It's very brief. Appellant argues that Rosenblatt fails to teach a main remote control user interface to be displayed in a display of the smart device in direct response to the remote control application being invoked. Appellant contends that in Rosenblatt, one must invoke the remote control application then subsequently select a further user interface. We are not persuaded by Appellant's argument. We agree with the examiner's finding that selecting the icon provided. So, Counselor, you previously indicated that it's so facially wrong how the, I believe the word invoke, you're talking about the first invoking limitation, was interpreted. Can you expand on that? Like, that seems like something that you should talk a little bit more about. Yeah. So, again, I don't think there's any dispute here that the way the board construed or whatever, their entire analysis for invoking is just saying selecting an icon is invoking an application. So, let's take that kind of wording, selecting an icon, we're going to go back to appendix page three and start plugging in selecting an icon into invoking and see if that just makes sense reading it that way. So, here we have in claim one, using the board's language, selecting an icon on the smart device in direct response to a first predetermined input being provided to the smart device, a remote control application of the smart device, wherein the remote control application causes a main remote control user interface to be displayed in a display of the smart device in direct response to the remote control application being selected an icon. Now, I'm sure your honors are kind of like thinking that that wording didn't make any sense. And I agree. The way the claim reads when you take the board's finding and plug it into the claim just facially doesn't make any sense. And frankly, the board's decision doesn't make any sense either. Another issue here is that the claim clearly requires that the step of invoking a remote control application is something that the smart device performs. You know, if you look at the preamble of the claim, it says there's, you know, these computer readable instructions and when they're executed they, quote, cause the smart device to perform steps comprising, and it goes on to say, invoking the remote control application. So I don't think there's any dispute that in the claim, the step of invoking the remote control application is performed by the smart device. But obviously, selecting an icon is something that a user does. So I mean, for that additional reason, we can see right away that the board's interpretation or whatever you want to call it of the claim just makes zero sense. It doesn't fit within the plain language of the claim, and therefore we know it's wrong. Two minor points I'd just add, again, I don't think the court really needs to get there to find four universal, but, you know, it's two other things to point out, is, you know, first of all, the board says that it agrees with the examiner's findings. It doesn't explain why. The board simply concludes the examiner's right without providing any explanation, without providing any analysis, and this alone is error. And second, the board's discussion ignores most of the claim language of the first invoking step. You know, as I mentioned earlier, and this is where the claim language becomes really important, is that the first invoking step requires three different things. You know, we have one, providing a first predetermined input to the smart device. Two, invoking a remote control application in direct response to the first predetermined input. And then three, displaying a main remote control user interface in direct response to the remote control application being invoked. And here, other than just simply saying that Rosenblatt teaches invoking a remote control application, the board fails to explain how Rosenblatt allegedly teaches any of these other requirements of the first invoking step. So, you know, again... I mean, the board does cite to a non-final office action, right? So isn't that something you would also need to address if you're going to say that the board did something that you contend is insufficient? Well, again, this is why I'm pointing these two things. It's very secondary things. The main central problem here is that selecting an icon simply does not make sense in the context of the claim. You know, I'm happy to turn to the non-final action at five and discuss it, but it's really... There's really no need to go there. I mean, the just... I mean, I feel to me, as I'm sitting here, like you're just telling me things don't make sense, but you're not showing me support for why you think things don't make sense. So you can obviously point to what you think would help support that and persuade me, so I will leave that up to you. Yeah, I mean, again, I think the claim language itself is the clearest thing here is that, you know, the claim requires that the smart device perform the step of invoking the application. And again, they're saying selecting an icon is the same thing as invoking an application, but selecting an icon is something a user does. You know, the user takes their finger, presses an icon. So how could that possibly fit within a claim term that needs to be done by the smart device itself? You know, I think that's pretty straightforward. Again, if you plug in selecting an icon into the claim in place of invoking, you get a claim that just doesn't read in a sensical way. You know, also the claim itself separately requires a first predetermined input. So in the board's reading of the claim, what is the first predetermined input? How is the remote control application allegedly being invoked in direct response to that first predetermined input? None of that's explained, and the claim requires all these different things, and we're left with one sentence. So I mean, at the very least here, there needs to be a remand for the board to kind of elaborate its findings so we can have a meaningful discussion. But again, I don't think we need to get there because the board's finding is so facially wrong, you know, the way I read it. I know you're running short on time. Do you want to address the widget limitation, or do you want to just stand on the briefing? I think stand on the briefing for the widget. You know, really the core argument before the board was this first invoking step, and I think that's, you know, the court doesn't need to go any farther outside of that. Again, I'm happy to get into claim construction on this first invoking step, Your Honors, but again, I think that's a step too far because, you know, we don't even really know. Well, it's up to you, but you are getting out of time, so. Yeah, I mean, you know, I'll just be very brief. I mean, I think to your point, Judge Cunningham. You're into your rebuttal time. Yeah, I guess I'll see if my, you know, colleague here brings up claim construction and thinks it's important. It's important to discuss, but I personally don't. All right. May it please the court, I'm Fahad Patel with the Solicitor's Office. There's a couple of points I want to raise up front. The first is that UEI's entire briefing was about claim construction. What does a claim term invoking mean? And you did not hear any argument from counsel on what invoking means. They specifically, in their briefing, in their opening brief, say that invoking has to mean opening. It's invoking, comma, IE. So, before you go further, is your use of the term invoking, is that the same term or the same usage by the examiner? Yes, Your Honor, we have interpreted the claim term invoking consistent with the examiner's findings in the case. The one caveat I would give is, while I agree that when I was asking the questions, I didn't think he was engaging on claim construction and invoking, whether or not it meant open, but I did hear something about equating invoking to selecting. So, if you could also address that aspect. Sure, Your Honor. I mean, the claim term invoking is broad enough to encompass a situation where a user with an iPhone can click a button to then invoke the application or select a button.  So, I think that's simply, and for some reason, UEI doesn't believe that selection can be involved in the invoking process. But, actually, in their own specification, I believe the invocation involves a user input. So, I think that argument that selection cannot be part of invoking an application, I don't think that's consistent with their own specification. Do you have a proposed construction that you're relying on for invoking? In our briefing, Your Honor, we did articulate an interpretation of invoking that we believe is consistent with what the examiner articulated. And it's on page 41. And we say that it causes the application. I'll wait for you to get it. 41 of what? Of the directions brief. The red brief, yeah. So, it's at the very bottom, the last sentence.     I believe the application is consistent with what the examiner articulated. We say that the user's selection of the hybrid button invokes the application because it causes the application to take further action, i.e. open the remote control interface. So, by invoking, you're telling the application to do something. You don't have to open it from scratch or launch it. So, you don't think that invoke is limited to opening, but it could encompass opening, is that fair? Exactly. So, in the briefing, and this sort of comes back to the claim interpretation issue. In UEI's briefing, their argument is that invoking has to mean opening an application from scratch. So, the application is closed, it's invoked to open it. According to UEI, invoking cannot encompass interacting with an application that's already open. And that's kind of the interpretation distinction here. And keep in mind, this is a case from original prosecution. So, UEI is prosecuting this case in front of the examiner. They have every opportunity to amend their claims to say invoking, to say launching, to say whatever they want, so long as they have support in the spec for it. They chose not to do that. They kept the claim term invoking. It's what we have before us. And now, we're being asked to reinterpret invoking in view of the prior art. That's really not the order of operations here. And so, we would ask that the panel essentially reject this claim construction attempt, which is late in addition because there's no claim construction argument made to the board or the examiner. The only example of sort of does invoking mean opening, does invoking mean launching, that discussion all comes up in the briefing before this court. And so, the board didn't even have an opportunity to do any kind of claim construction. They weren't asked to do that. And so, this is sort of another sort of a late argument that's introduced in the briefing, and now they're sort of backing off of it in the argument here before the court. They say it's not about claim construction, but it seems like that's what they're making it into. And if it's not about claim construction, I don't know what it's about. With respect to invoking, is your argument here consistent with the position taken by the board or the examiner? Yes, it is. It is. Because it really comes down to what the reference discloses, the prior art reference Rosenblatt. I'm happy to look through the figures. Yeah. So, counsel, maybe just to close the loop for us, why don't you describe why there would be substantial evidence support for the board's finding with respect to this direct response limitation in light of the combination of references? Yeah, sure. I can walk through that. So, the primary reference is Rosenblatt. We can sort of look through the figures because it's the easiest way to look at Rosenblatt. And I'm on Appendix 703. And this is Figure 47. And so in Figure 47, this is a graphical, just a GUI on your smartphone, basically. And the idea is you're trying to control your DVR from your phone. And in Rosenblatt, what's happening is that the user at 47A clicks on Control DVR, which then goes to the next screen, which is 47B. And at this point, the user can select from multiple different types of remote controls. There's a classic remote. There's a hybrid remote, a universal remote. There's different formats of remotes that a user can select from. So when the user selects classic remote 622, this is what the examiner said. The examiner's mapping was they're clicking on classic remote 622. That's the invoking. At that point, you're invoking the application to take the step of displaying in 47C the particular remote that the user wants. So the invoking the application is mapped to the clicking of the classic remote button 622. And that's essentially the mapping that sets out the prima facie case of this invoking and indirect response. Because in direct response to the user clicking on classic remote, the very next screen is the remote. A opposing counsel argued that to say invoking encompassed selecting was basically nonsensical. Can you respond to that? Yes. So we can go back to the specification of this patent to kind of look at what it says. And so there's—let me see if I can— You see a very similar—if you go to the figures, this is in Appendix 63. Just to get a sense of the context here, we have a very similar type of invention here. These inventions in the art, they're all about displaying on a phone a GUI. And the whole point of what you're doing with the GUI is you're touching it. You're selecting it. And so the invoking can include touching the screen to invoke an application. That's how an application would be invoked. I don't know any other way to invoke an application on your phone apart from touching your screen. Maybe you could shake your phone. Can a widget invoke an extra application? In the claims, the widget and the application are somewhat separate. They're used independently, so the widget would not be used to invoke the application. The widget is just a shortcut. If a user does not want to invoke the entire application for the remote control, they can have a shortcut widget that has reduced functionality. So maybe for your TV, you only want to quickly turn the volume up or down. For that, you can use the widget, and it opens quickly. You don't have to worry about the whole application. So that changes the term invoke, doesn't it? Invoking is used in the claim for both the application and the widget, but it's used consistently. In the terms that you use, you're using invoke. Does it change my meaning of invoke? It does not. I don't see how it would, because a widget can be invoked in the same way as the application can be invoked. They both can be invoked by selecting an icon or something else. I'd be happy to look a little bit more at the spec. Maybe this goes back to the question about selection being invoking. I have a little bit of time left, so I can just run through this. Appendix 52, this is the specification of the application here. It talks about invoking a widget. It talks about how a widget can be invoked. It says, widget GUI 502 may be invoked at any point without switching to the main remote control application. For example, by activating an icon provided for that purpose. The spec is telling us that selecting or activating an icon can cause invoking a widget. For UEI to get up here and say selecting an icon can't be invoking, it doesn't match its own spec. It can't be right. No further questions? Okay, thank you. Mr. Guilford, we give you three minutes. Thank you, Your Honor. Your Honors, I think counsel for the Director is really dancing around the central issue here. The discussion from my colleague was really how to invoke an application. They say, well, you can press an icon and that invokes an application. That's not in dispute. The problem here is what does invoking an application really mean? Obviously, our position, which is borne out in the briefs, and I think it was really in the briefing before the board. You said danced around the central issue. In your opinion, what is the central issue? Invoking means, in our opinion, and again, this was explained in the briefs, it means launching, opening, loading. Those are all fair characterizations of what invoking means. What I haven't heard from the Director, and it's not in the board's opinion, is what they think invoking means. They say you can invoke. Somebody pointed us to page 41 of the red brief as to what he thought invoking meant. No, he said that you can use an icon to invoke an application. He's just using the word invoke in his definition of invoke. All I'm hearing is how you can invoke an application. But page 41 had some other words besides invoke there. If you look at the last sentence, at least what I heard and what I read had some other words there. You're saying in appendix page 41? Red brief 41 is what I heard opposing counsel point us to for their definition of invoke. Causes the application to take further action, I think was? Yes. Yeah. That's not just using the word invoke. I'm just responding to what you're saying. You can keep going. Sure. Your Honor, the problem I have is that definition is not really advancing past the issue we have with selecting or interacting with or any of those things, because that's something the user is doing and not something the smart device is doing. Again, the claim plainly requires that the smart device itself is the thing that's doing the invoking of the application. It's not the user. It's the smart device. The user is doing the first predetermined input. So causing the application to take further action, interacting with, selecting, that's all stuff the user is doing. But it's the smart device itself that's doing the invoking. So our definition, which is launching, opening, loading, that all makes sense within the context of the claim because the smart device itself is what's doing those things. And their construction doesn't make sense. I think, again, I have very limited time, but appendix page 387 I think is the best evidence, so to speak, of what the applicant meant by invoking. If we look at 387, I'll be really brief because I know I have just seconds here. On the second full paragraph, the applicant said, Turning now to James is respectfully submitted that James discloses a system in which a user can provide gesture-based input for the purpose of navigating between user interface pages emphasized in an already invoked application, e.g. a digital music player application. So clearly the context here is invoked means opening the application. And when you're doing stuff within the already invoked or launched application, you're not invoking the application anymore. It was already invoked some time ago. So I think our construction is totally consistent with the intrinsic evidence. And frankly, I haven't heard a meaningful construction that fits within the plain claim language here from either the board or the Director's Council. Thank you, Your Honors. Thank you. That concludes today's arguments. This court now rests in recess.